OPINION
{¶ 1} Appellant, Edward G. Lyons, appeals from the judgment entry of the Willoughby Municipal court convicting him of "Leaving the Scene," in violation of R.C. 4549.02.
 {¶ 2} On October 17, 2004, Angela Weakland was driving on Ridge Road in the City of Willoughby. Weakland noticed a car following her too close which, she testified, caused her alarm; at a red light, Weakland exited her vehicle and confronted the driver, a male, regarding his driving. Weakland testified she yelled at the driver and said "What are you doing? You're going to hit my car." The driver allegedly responded: "Do you want me to hit your car? I'll hit your car." According to Weakland, the driver then struck her car twice. Although Weakland admitted her vehicle sustained no damage, she instructed the driver to pull over; however, the driver refused and attempted to steer around Weakland's vehicle and leave. In doing so, the driver struck a Volkswagon Jetta driven by Judy Meadows. After the collision, the man drove through a red light and sped away.
 {¶ 3} An unidentified woman, who was behind the vehicle during the confrontation between Weakland and its driver wrote its license number down and provided it to Weakland. Weakland gave the number to police officer James Greig upon his arrival at the scene. Greig determined the license plate number was registered to a 1988 Dodge owned by appellant. Greig presented appellant's license photo to Weakland who positively identified him as the individual with whom she had the confrontation and who struck her and Meadows's vehicles.
 {¶ 4} State's witness, Brian Yonosik was leaving a convenient store situated near the accident scene. Yonosik testified he observed appellant and Weakland arguing and heard appellant strike Weakland's vehicle. Yonosik testified he began to walk toward the two individuals because "[t]he man was giving her a real — basically, he was irate, was getting up in her face, scaring — trying to scare her." As Yonosik approached the scene the arguing stopped. According to Yonosik, appellant returned to his car, backed up, and attempted to drive around Weakland's car. At this point, appellant's vehicle collided with Meadows's Jetta.
 {¶ 5} Appellant was charged with one count of leaving the scene in violation of R.C. 4943.03 and one count of willful or wanton disregard of the safety of persons or property in violation of Section 434.02(A) of the Codified Ordinance of the City of Willoughby.[1] On February 3, 2005, after a bench trial, appellant was found guilty on both charges. By way of a nunc pro tunc judgment entry, the trial court modified its original judgment entry to reflect the proper Revised Code section for which appellant was convicted, i.e., R.C. 4549.02.
 {¶ 6} Appellant filed this timely appeal and sets forth the following assignments of error:
 {¶ 7} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied his motion for acquittal made pursuant to Crim.R. 29(A).
 {¶ 8} "[2.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.
 {¶ 9} "[3.] The defendant-appellant was deprived of due process of law and his statutory right to be represented by counsel as a result of his trial counsel's ineffective assistance at his bench trial."
 {¶ 10} Appellant's first assignment of error argues the trial court erred in denying his Crim.R. 29 motion because the state failed to produce sufficient evidence to support his convictions.
 {¶ 11} In reviewing whether evidence was sufficient to support a conviction, an appellate court's function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273. "[T]he relevant inquiry does not involve how the appellate court might interpret the evidence." Id. Rather, the question is, after viewing the evidence in a light most favorable to the prosecution, whether the jury could have found the essential elements of the crime proven beyond a reasonable doubt. Id. Circumstantial evidence and direct evidence inherently possess the same probative value, even when used to prove essential elements of an offense. Id. at 272.
 {¶ 12} Appellant challenges his conviction under R.C.4549.02(A), which provides, in pertinent part:
 {¶ 13} "In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address * * *"
 {¶ 14} Appellant contends the prosecution failed to prove he had "knowledge" of the accident. At trial, appellant testified he and Weakland had a verbal altercation while on the road. After returning to his car, appellant testified he maneuvered around Weakland's stationary vehicle and drove away. Appellant stridently denied being involved in the accident which damaged Meadows's Volkswagon Jetta. Because appellant denied knowledge of the accident and the investigating officers did not seek to inspect his vehicle for damage, appellant maintains the state failed to prove he was involved in the accident in question. Thus, appellant maintains, the prosecution failed to prove the foregoing offense beyond a reasonable doubt. We disagree.
 {¶ 15} Pursuant to R.C. 4509.02, the elements of the offense of which appellant was convicted include: "failing to stop and give name and address after operating a motor vehicle that is involved in a collision on a public road." State v. Kyser (Aug. 10, 2000), 7th Dist. No. 98 CA 144, 2000 Ohio App. LEXIS 3687, at 14; see, also, State v. Bowman, 10th Dist. No. 01AP-514, 2001 Ohio LEXIS 5374, at 6.
 {¶ 16} At trial, Angela Weakland testified she witnessed appellant drive around her car, strike Meadows's vehicle, and drive away from the scene. Moreover, Brian Yonosik testified he witnessed Weakland and appellant arguing in the road. Yonosik approached the parties at which point:
 {¶ 17} "The argument pretty much stopped. I saw the man get back in his car, back up, and then take off through the intersection and head south, but he hit somebody, a white Jetta, I believe, or it was a Jetta."
 {¶ 18} Both witnesses identified appellant as the individual involved in the accident. Moreover, both witnesses testified appellant drove off after hitting the Jetta without providing his name and address. Finally, the accident in question undisputedly occurred on a public road. Appellant claims the state did not prove he was the party who struck Meadows's vehicle to the extent it failed to demonstrate, beyond a reasonable doubt, he had "knowledge of the accident." However, eye-witness accounts of the accident coupled with the observable damage to the Jetta provide sufficient circumstantial evidence that appellant was the party who struck Meadows's vehicle and that he had knowledge of the same.
 {¶ 19} When reviewing the sufficiency of the evidence, a court does not engage in a determination of witness credibility.State v. Goff (1998), 82 Ohio St.3d 123, 139. Conflicting statements of a defendant and the prosecution's witnesses are common in a trial and will not result in a finding of insufficient evidence. Accordingly, we believe the prosecution produced sufficient evidence to sustain a conviction under R.C.4549.02(A).
 {¶ 20} In his second assignment of error, appellant argues his conviction was against the manifest weight of the evidence.
 {¶ 21} "`In determining whether the verdict was against the manifest weight of the evidence, `* * * the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *'"State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 14-15, quoting, State v. Davis (1988),49 Ohio App.3d 109, 113.
 {¶ 22} The determination of witness credibility is primarily left to the trier of fact who is in the best position to observe and evaluate the demeanor, voice inflection, and gestures of the witnesses. Kyser, supra, at 16-17. At trial, appellant denied any involvement in the collision with Meadows's Jetta. However, both Weakland and Yonosik testified they observed appellant hastily drive around Weakland's vehicle, strike Meadows's car, and proceed through an intersection without stopping. The court apparently found the testimony of the prosecution's witnesses more credible than appellant's testimony. Although this evidence is in conflict, we do not believe the court lost its way and thereby created a miscarriage of justice in resolving the conflicts in the prosecution's favor. Therefore, appellant's second assignment of error is without merit.
 {¶ 23} In his final assignment of error, appellant alleges his trial counsel was ineffective for failure to introduce photographic evidence of the condition of his vehicle.
 {¶ 24} In State v. Bradley (1989), 42 Ohio St.3d 136, the Supreme Court of Ohio held:
 {¶ 25} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 {¶ 26} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." (Internal citations omitted.) Id. at paragraphs two and three of the syllabus.
 {¶ 27} A reasonable probability is that quantum of proof sufficient to undermine confidence in the outcome. Strickland v.Washington (1984), 466 U.S. 668, 694.
 {¶ 28} We bear in mind that counsel's professional decisions enjoy a high measure of deference; as a result, trial counsel is entitled to a presumption that his or her challenged acts or omissions involve a sound trial strategy. See, e.g.,Strickland, supra, at 689.
 {¶ 29} Appellant argues trial counsel provided deficient representation which prejudiced his defense when he failed to present photos of appellant's allegedly undamaged vehicle. At trial, appellant noted he possessed pictures "to prove" his vehicle had sustained no damage. However, when asked on cross-examination whether the pictures were dated, appellant responded:
 {¶ 30} "I don't believe they are, but that's what Mr. Schwartz [appellant's attorney] asked me. And I said, `Well, it wasn't snowing on October 15th and there is snow on the ground here. So after I was arrested is when I took the pictures so I would have some proof that I did not hit anybody."
 {¶ 31} Appellant testified that his attorney knew of the pictures and made an informed choice not to use them. We cannot say this choice was unreasonable as the photographs were not necessarily logically relevant or probative of appellant's claim of innocence. The photos may show no damage to the vehicle allegedly involved in the accident with the Jetta. However, because they are not dated, the court had no way of knowing if they were taken before the accident or after the accident. Therefore, the photos fail to clearly alter the probability that appellant was or was not involved in the accident and could be reasonably construed as irrelevant evidence.
 {¶ 32} We believe appellant's counsel made an informed and reasonable strategic decision when he did not seek to admit the photos. Accordingly, appellant has failed to demonstrate that his trial counsel provided unreasonably deficient representation.
 {¶ 33} However, assuming appellant could demonstrate deficient performance, he still fails to show he was prejudiced from counsel's errors. The court, after considering the photographs, could still conclude, from the eyewitness testimony, appellant was driving the vehicle which struck Meadows's Jetta. It is possible for one vehicle in an accident to sustain little or no ostensible damage while another sustains greater damage. Accordingly, appellant has failed to establish that, but for counsel's unprofessional errors, the result of the trial would have changed. Appellant's final assignment of error is overruled.
 {¶ 34} Based upon the foregoing, appellant's three assignments of error are overruled and the judgment of the Willoughby Municipal Court, Lake County, Ohio, is hereby affirmed.
Ford, P.J., Grendell, J., concur.
[1] Appellant specifically attacks his conviction on the charge of leaving the scene; appellant's arguments on appeal do not challenge his conviction under Section 434.02(A).